**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MARK ANTHONY HUGGINS**           **PLAINTIFF**

**VS.**         **CIVIL ACTION NO. 1:22cv81-MPM-DAS**

**COUNTY OF TISHOMINGO, MISSISSIPPI;
JOHN DENNIS DAUGHERTY, INDIVIDUALLY AND
AS SHERIFF OF TISHOMINGO COUNTY,
MISSISSIPPI; JOHN DOE; JANE DOE; and
OTHER UNKNOWN DEPUTIES AND
DEFENDANTS 1-10, ALL WHOSE NAMES
ARE PRESENTLY UNKNOWN, INDIVIDUALLY**     **DEFENDANTS**

## ORDER

Defendants have filed an unopposed motion for "leave to amend their Motion to Dismiss Based Upon Qualified Immunity . . . to remove reference to Rule 56 of the Federal Rules of Civil Procedure, and to instead proceed under and pursuant to Federal Rule of Civil Procedure 12." [Motion at 2]. This court agrees with the essence of defendants' motion, since a defendant generally has a right to assert qualified immunity defenses in the context of a motion to dismiss. *See Carswell v. Camp*, 2022 WL 17335977 (5th Cir. Nov. 30, 2022). Moreover, plaintiff has not yet responded to defendants' motion, which makes this court look even more favorably upon their request.

Having said that, this court has considerable doubt whether an amendment is the correct procedural vehicle to accomplish the result defendants seek, namely the filing of a procedurally proper Rule 12 motion to dismiss. In so stating, this court notes that it is not merely references to "Rule 56" and "summary judgment" which render defendants' briefing in this case

1

inconsistent with a proper Rule 12 motion to dismiss. To the contrary, defendants' brief makes repeated references to the facts of this case with no citations to the allegations of the complaint, and it likewise makes references to what plaintiff is unable to "prove" in this case, with no record citations at all. For example, defendants' motion states that:

> Plaintiff has no evidence that Defendants John Dennis Daugherty, Sheriff of Tishomingo County, Mississippi, or anyone at said jail, knew or should have known that Mark Anthony Huggins was at substantial risk of serious harm from inmate violence. Fifth Circuit law is clear that Plaintiff must prove specific knowledge on the part of defendant Daugherty that there was a specific threat of inmate violence to Plaintiff. His need for protection must be so clear and unambiguous that every reasonable officer would understand that failure to take protective measures to prevent this assault would constitute a violation of the law. Plaintiff simply cannot prove this.

[Brief at 8-9].

This does not constitute proper argument in either a motion to dismiss or a motion for summary judgment, since simply "saying things" about the facts of a case in a brief is improper under either Rule 12 or Rule 56. This court is therefore uncertain whether it should view defendants' pending motion as a motion to dismiss or for summary judgment, but it appears to be closer in substance to a motion for summary judgment. That being the case, this court has serious doubts whether it would be proper to "amend" a motion for summary judgment to replace it with a completely different type of motion. To remove any uncertainty in this regard, this court will dismiss plaintiff's pending motion without prejudice to the filing of a motion to dismiss. This court advises defendants that, in order to assert a motion to dismiss which complies with the Fifth Circuit's very recent decision on rehearing in *Camp*, they must base their arguments upon the *allegations of the complaint* and not what they believe plaintiff will be unable to *prove*. This will require a serious modification of defendants' current briefing, and not merely a removal of any references to Rule 56.

In light of the foregoing, this court will grant defendants' motion to amend and re-file a motion to dismiss in part, in that it will allow them to file the motion to dismiss which they seek. However, this court concludes that, in order to accomplish this, it is necessary to dismiss, not amend, their pending motion, and it will be so ordered.

This, the 12th day of December, 2022.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**