**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**MARK ANTHONY HUGGINS**                                           **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO. 1:22cv81-MPM-DAS**

**COUNTY OF TISHOMINGO, MISSISSIPPI;
JOHN DENNIS DAUGHERTY, INDIVIDUALLY AND
AS SHERIFF OF TISHOMINGO COUNTY,
MISSISSIPPI; JOHN DOE; JANE DOE; and
OTHER UNKNOWN DEPUTIES AND
DEFENDANTS 1-10, ALL WHOSE NAMES
ARE PRESENTLY UNKNOWN, INDIVIDUALLY**                      **DEFENDANTS**

**ORDER**

This cause comes before the court on the motion of defendants Sheriff Dennis Daugherty and Tishomingo County to dismiss this action, pursuant to Fed. R. Civ. P. 12. This court, having considered the memoranda and submissions of the parties, is prepared to rule.

This is, *inter alia*, a 42 U.S.C. § 1983 action in which plaintiff seeks to recover against Tishomingo County and its Sheriff Daugherty for their failure to prevent an attack he sustained from another inmate while in jail. In attempting to so recover, plaintiff alleges in his amended complaint that:

> 8. On or about June 16, 2021 Mark Anthony Huggins was at a friends house, and was in possession of a gun as he felt threatened by someone at the back door. The person at the back door called the police to report Mr. Huggins having a gun, and the police came to the house and arrested Mr. Huggins and charged him with public drunkenness. Mr. Huggins was taken to the Tishomingo County Jail and was incarcerated there. He became involved in a scuffle at the Tishomingo County Jail and received a broken jaw, and after the incident, was forced by the deputies to lie down for a period of time. He walked to a convenience store and called his grandfather to pick him up. His grandfather took him to the Baptist Memorial Hospital Emergency Department and from there he was transported to Regional Medical Center in Memphis, TN for

1

> received surgery for a broken jaw, where he was admitted on June 19, 2021 at 3:21 p.m. and discharged June 22, 2021 at around 12:41 p.m.
> 9. During the aforementioned times and events, the Defendant, John Dennis Daugherty, Sheriff for the County of Tishomingo, Mississippi and the deputies did nothing to stop the abuse of Plaintiff, Mark Anthony Huggins, or to prevent him from being abused. No action was taken by any of the Defendants to stop or prevent this unnecessary abuse of said Plaintiff.

[Complaint at 3-4].

In addressing the motion to dismiss, this court notes at the outset that plaintiff has repeatedly failed to prosecute this action in the manner in which it expects of litigants trying cases before it. In so stating, this court notes that, on August 22, 2022, Sheriff Daugherty filed his first motion to dismiss the claims asserted against him based on qualified immunity. In that motion, Daugherty emphasized his contention that he "had no knowledge or information whatsoever which suggested that Plaintiff was in danger of attack by any inmate" and that, accordingly, he could not be said to have acted with "deliberate indifference" to the risk of such an attack. [Brief at 7]. Approximately three and a half months passed with no response whatsoever from plaintiff to Daugherty's qualified immunity motion. On December 8, 2022, defendants filed a motion seeking permission to re-file their motion to dismiss in order to correct certain improper references to their seeking "summary judgment" rather than Rule 12 dismissal, and this court granted their motion. [Docket entry 21]. This court notes that, in their motion, defendants expressly represented that "counsel for plaintiff does not object to this request," [*id.* at 2], and it thus seems clear that counsel was very much aware of the existence of defendants' motions at the time.

On January 31, 2023, a new motion to dismiss was filed which largely reiterated Daugherty's qualified immunity motion but which also, for the first time, included a motion by Tishomingo County for Rule 12 dismissal of the state and federal claims asserted against it.

2

Much like with the first motion, however, plaintiff did not see fit to file a timely response to the second motion to dismiss or to seek additional time to do so. Indeed, it was not until March 13, 2023 that plaintiff filed any response at all to this motion, in the form of a very bare-bones motion seeking qualified immunity-related discovery. In that motion, plaintiff argues, in a highly conclusory fashion, that:

> 1. That discovery related to the issue of qualified immunity is appropriate in this case.
> 2. That Mr. Huggins requests an extension of time, until thirty days after his receipt of the transcripts of depositions of the individual defendants which will be scheduled, to serve his response to the Motions to Dismiss filed by the Defendant.
> 3. This motion is not being submitted for purposes of delay or harassment but to further the ends of justice.
> 4. The individual defendants will not be prejudiced by the Court granting this requested extension of time.
> 5. Counsel for Mr. Huggins has contacted and conferred with counsel for the defendants regarding this motion.
> 6. Because this motion is self-explanatory, Mr. Huggins requests to be relieved from the obligation of filing a supporting memorandum of authorities.

[Motion at 1-2].

This conclusory request for discovery clearly fails to meet the stringent requirements for qualified immunity discovery set forth in the Fifth Circuit's November, 2022 decision in *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. Nov. 30, 2022), where that court wrote that:

> It is true that to ensure qualified immunity can be decided at the earliest possible time, we have authorized "discovery narrowly tailored to rule on [defendants'] immunity claims." *Backe v. LeBlanc*, 691 F.3d 645, 649 (5th Cir. 2012); *see also Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987) (first articulating this limited-discovery procedure). We've described that limited-discovery process as "a careful procedure," which permits a district court to "defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Zapata*, 750 F.3d at 485 (quoting Backe, 691 F.3d at 648). The district court must first find that the plaintiff has pleaded "facts which, if true, would overcome the defense of qualified immunity." *Ibid.* (quotation omitted). If it still finds itself "unable to rule on the immunity defense without further clarification of the facts," *ibid.* (quotation omitted), then we allow the district court to order discovery "narrowly tailored to uncover only those facts needed to rule on the immunity claim," *Wicks*, 41 F.3d at 994 (*quoting Lion Boulos*, 834 F.2d at 507–08).

3

*Carswell*, 54 F.4th at 311.

This court notes that the Fifth Circuit's initial opinion in *Carswell*, released in June 2022, had explicitly held that the limited qualified immunity-related discovery long permitted in this circuit under *Lion Boulos v. Wilson*, 834 F.2d 504, 508–09 (5th Cir. 1987) and its progeny had been implicitly overruled by the U.S. Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. June 17, 2022). The Fifth Circuit's original opinion in *Carswell* made this overruling quite clear, writing "[c]all it 'careful,' or call it 'narrow'; either way, today we call *Lion Boulos* and its progeny overruled." *Carswell*, 37 F.4th at 1066.[1] In its modified opinion on denial of rehearing, the Fifth Circuit panel in *Carswell* removed any reference to the overruling of *Lion Boulos* and its progeny, perhaps in recognition of the fact that one Fifth Circuit panel may not overrule decisions of another panel. Nevertheless, even the revised opinion in *Carswell* appears to provide a highly restrictive interpretation of the qualified immunity-related discovery permitted by *Lion Boulous*, stating that:

> Three points about this "careful procedure" bear emphasis. First, its purpose is only to allow the district court to rule on the defendant's assertion of QI; its purpose is not to provide a backdoor for plaintiffs to circumvent the defendant's immunity from suit. *Backe*, 691 F.3d at 649. Second, where the QI-asserting official determines that any pre-ruling discovery sought or ordered in the district court crosses the line from permissible *Lion Boulous* discovery to impermissible vitiation of the official's immunity from suit, the collateral order doctrine authorizes an immediate appeal like the one we entertain today. *Ramirez*, 3 F.4th at 133. And third, *Lion Boulos* and its progeny must be understood in light of subsequent Supreme Court precedent. The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without any discovery.

---

[1] This court noted some of its concerns regarding this overruling of long-standing circuit precedent in *Adelsheimer v. Carroll Cnty., Mississippi*, 2022 WL 16706978, at *1 (N.D. Miss. Nov. 4, 2022).

*Carswell*, 54 F.4th at 311.

The *Carswell* panel thus wrote, in the last sentence of the paragraph quoted above, that "[t]he Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without any discovery." *Id.* It could certainly be argued that this sentence constitutes an overruling in all but name of *Lion Boulous*, but in deleting its prior language actually overruling that decision, the *Carswell* panel appeared to harbor doubts regarding its authority to actually declare long-standing Fifth Circuit precedent in this context to be overruled. It is thus very much unclear to this court exactly how much of *Lion Boulous*'s qualified immunity-related discovery remains after the Fifth Circuit's revised opinion in *Carswell*. Indeed, Westlaw presently cites *Lion Boulus* as having been overruled by the Fifth Circuit's initial opinion in *Carswell*, even though the language to that effect in the decision has been withdrawn. It may well be that future Fifth Circuit panels will simply continue to apply *Lion Boulous* and its progeny as they have done for years and that they will not feel in any way bound by the *Carswell* panel's apparent belief that it no longer constitutes good law. This may be an issue which can only be resolved by the *en banc* Fifth Circuit, and, in the meantime, district courts in this circuit will likely face a great deal of uncertainty in ruling upon requests for qualified immunity-related discovery.

Regardless of how these issues are eventually resolved, it does seem clear to this court that the highly untimely and conclusory request for discovery by plaintiff in this case does not meet the requirements of Fifth Circuit precedent, even as it existed prior to *Carswell*. Indeed, by simply asserting that he needs qualified immunity-related discovery, several months after Daugherty first raised his immunity defense, plaintiff clearly failed to make a proper request for such discovery. Timeliness issues aside, by failing to even address Daugherty's arguments that

the complaint fails to assert a valid constitutional claim against him, plaintiff has clearly failed to meet the stringent requirements of federal precedent as set forth in *Ashcroft*. This court therefore concludes that plaintiff's request for qualified immunity-related discovery is both procedurally and substantively improper and is therefore due to be denied. Having denied this request, this court has no arguments on the part of plaintiff to consider, as to the merits of the qualified immunity issues in this case.

It should be emphasized that, while an unexcused failure to respond to a motion to dismiss is a serious matter under any circumstances, it is uniquely damaging in the context of a qualified immunity motion such as the one here. As this court noted in a recent decision:

> It is well established that a defendant who "pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion" thereby places the burden on the plaintiff to "rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997). "The plaintiff bears the burden of negating the defense and cannot rest on conclusory assertions, but must demonstrate genuine issues of material fact regarding the reasonableness of the official's conduct." *Gatson v. Winston County, Miss.* 2014, WL 585810, at *5 (N.D. Miss. 2014)(internal citations omitted). Therefore, it is the plaintiff, rather than the defendant, who must do most of the "heavy lifting" in the qualified immunity context.

*Young v. Bd. of Supervisors of Humphreys Cty., Mississippi*, 2018 WL 632024, at *1 (N.D. Miss. Jan. 30, 2018). In light of plaintiff's sustained and repeated failure to provide any sort of substantive response to two separate qualified immunity motions filed by defendants, this court concludes that he has clearly failed to do the "heavy lifting" required of him in this context.

To rebut a qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. *Waltman v. Payne*, 535 F.3d 342, 346 (5th Cir. 2008). In *Plumhoff v. Rickard*, 134 S.Ct. 2012, 188

6

L.Ed.2d 1056 (2014), the Supreme Court upheld a qualified immunity defense on the basis of the "clearly established" prong, emphasizing that:

> An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was " 'clearly established' " at the time of the challenged conduct. *Ashcroft v. al–Kidd,* 563 U.S. [731] 131 S.Ct. 2074, 2080, 179 L.Ed.2d 1149 (2011). And a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it. *Id.,* at 2083–2084. In other words, "existing precedent must have placed the statutory or constitutional question" confronted by the official "beyond debate."

*Plumhoff*, 134 S.Ct. at 2023.

The U.S. Supreme Court has thus stressed that a plaintiff's burden of demonstrating that defendants violated "clearly established law" requires not a citation to generalized principles of law, but, rather, specific authority which "placed the statutory or constitutional question" confronted by the official "beyond debate." *Id.* The Fifth Circuit has similarly written that, in the qualified immunity context, "[w]e do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden on plaintiffs." *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997). Making the plaintiff's burden in this context even more difficult, the Supreme Court wrote in *City and County of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1778, 191 L.Ed.2d 856 (2015) that, to establish that any supportive precedent was "clearly established," the plaintiff must be able to cite either a decision from that Court or a "robust consensus of cases of persuasive authority in the Courts of Appeals." It should thus be apparent that rebutting a qualified immunity defense is a tall order even for those plaintiffs who bother to respond to it, and this court can discern no scenario in which non-responding plaintiff might be held to have rebutted it.

The highly legalistic "clearly established" prong demonstrates that, in the qualified immunity context, it is insufficient for the plaintiff to be able to point to potentially helpful facts

in his favor. To the contrary, surviving a qualified immunity defense requires a great deal of legal work and research by the counsel for the plaintiff, without which it is generally not possible for him to "clearly establish" the illegality of the defendant's actions at the time they were allegedly committed. Once again, *Carswell* appears to raise the bar even further in this context, namely by limiting the contexts in which a district court might authorize immunity-related discovery in response to a Rule 12 motion to dismiss.

While it could be argued that qualified immunity law would be well served by placing greater emphasis on the factual strength of the plaintiff's case than on the diligence and competence of his counsel, that is not this court's call to make. Moreover, even if this court enjoyed greater discretion in this regard, it would still conclude that, in this particular case, plaintiff's repeated failures to respond to defendant's qualified immunity motions are so glaring that they can not simply be excused. In light of the foregoing, this court concludes that Daugherty's motion for qualified immunity should be granted as to the claims against him in his individual capacity. This court does conclude, however, that plaintiff's request for discovery should be granted as it relates to his claims against Tishomingo County and that the County should raise its dismissal arguments in the context of a motion for summary judgment rather than a Rule 12 motion to dismiss. In so concluding, this court is motivated by several factors.

First, it seems clear that a key factual issue in this case is the extent of knowledge, or lack thereof, on the part of Sheriff Daugherty, in his role as final policymaker for the County, regarding the dangers faced by plaintiff from other inmates. It strikes this court that this is a difficult matter for a plaintiff to prove without discovery, since this is the type of information which, in many cases, only comes out during careful questioning in depositions. Indeed, it seems rather harsh to expect a plaintiff to possess something approaching omniscience regarding

a particular defendant's state of knowledge if he has not been at least given the opportunity to question him under oath in a deposition. In so stating, this court notes that it is often difficult for citizens who come into contact with officers to know what goes on "behind the scenes" of law enforcement, particularly since it is, in its experience, rare for officers to simply admit wrongdoing by themselves or by fellow officers. This court's natural inclination is to decide cases on their merits, and it would be much more comfortable in making a final dispositive ruling on this case if it has Daugherty's deposition testimony to consider.[2]

This court further notes that *Carswell*'s limitations upon qualified immunity discovery do not apply to the claims against the County, and it thus seems clear that it has greater discretion to authorize discovery in this context. It should also be noted that the County did not assert its dismissal arguments in the initial motion to dismiss, and its decision to do so in the second motion appears to go well beyond the permission which it had sought from this court to file an amended motion. Indeed, defendants represented to this court that they merely sought "leave to amend their motion to remove reference to Rule 56 of the Federal Rules of Civil Procedure and to seek dismissal of Sheriff Daugherty based on qualified immunity under Federal Rule of Civil Procedure 12." [Docket entry 20 at 1]. Without question, defendants' amendment goes far beyond this limited request, which arguably renders it procedurally improper. More importantly, plaintiff's default in responding to defendants' motions in this case is far less severe and sustained in the case of the County than with regard to Daugherty's repeated qualified immunity motions. It thus makes sense that the consequences of plaintiff's failures in this regard be less

---

[2] In so stating, this court is not suggesting that discovery should be limited to Daugherty's deposition.

severe in the case of the County's motion, and this court will accordingly show him a certain amount of leniency in this context.

In light of the foregoing, Sheriff Daugherty's qualified immunity motion is granted as to the claims against him in his individual capacity, but the County's motion is hereby dismissed without prejudice to the arguments therein being raised in a summary judgment motion following discovery. Plaintiff's motion seeking discovery is accordingly granted in part and denied in part.

This, the 20th day of March, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI**